# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **TOTAL PETROLEUM PUERTO RICO CORP.,** <br><br> **Plaintiff,** <br><br> v. <br><br> **RAFAEL FONSECA-MARRERO, <u>et al.</u>,** <br><br> **Defendants.** | **CIVIL NO. 16-2436 (PAD)** |

## MEMORANDUM AND ORDER

Delgado-Hernández, District Judge.

Total Petroleum Puerto Rico Corporation sued Villa Caparra Esso Service Center, Rafael Fonseca-Marrero, his unnamed wife, and their conjugal partnership for declaratory and injunctive relief, monies owed, damages, costs and attorney's fees for alleged trademark infringement and trademark dilution in violation of the Lanham Act, 15 U.S.C. §§ 1114(1), 1125(a), (c), and P.R. Laws Ann. tit. 31, §§ 2994, 3018, 3019, 3024, 3371(Docket No. 1). Then, it moved for partial summary judgment, asking for a finding of valid franchise termination and an Order for defendants to pay monies owed for rent fees and product payments pursuant to the contracts governing the parties' relationship (Docket No. 49). Because defendants did not respond, Total requested that its motion be deemed unopposed (Docket No. 52). The court referred all dispositive matters to U.S. Magistrate Judge Bruce McGiverin for a Report and Recommendation ("R&R"), as well as non-dispositive pre-trial proceedings, except the Pre-Trial Conference (Docket No. 29).[1]

---

[1] The parties jointly submitted a proposed order for a permanent injunction, which the court adopted and entered (Docket No. 45).

## A. Referral

A district court may refer a pending motion to a magistrate judge for an R&R. See, 28 U.S.C. § 636(b)(1)(B); Fed.R.Civ.P. 72(b); Loc. Civ. Rule 72. Any party adversely affected by the R&R may file written objections within fourteen days of being served with the magistrate judge's report. Loc. Civ. Rule 72(d). See, 28 U.S.C. § 636(b)(1). A party that files a timely objection is entitled to a de novo determination of "those portions of the report or specified proposed findings or recommendations to which specific objection is made." Ramos-Echevarria v. Pichis, Inc., 698 F.Supp.2d 262, 264 (D.P.R. 2010); Sylva v. Culebra Dive Shop, 389 F.Supp.2d 189, 191-92 (D.P.R. 2005) (citing United States v. Raddatz, 447 U.S. 667, 673 (1980) ).

## B. Discussion

On October 30, 2018, the Magistrate Judge issued an R&R (Docket No. 54). After granting Total's request to deem the motion for partial summary judgment unopposed, he considered the merits of Total's request, recommending that the motion be granted in part. Id. at pp. 2, 6. He reasoned that Total satisfied the requirements laid out in the Petroleum Marketing Practices Act ("PMPA"), and concluded that termination of the franchise relationship with defendants was valid. Id. at pp. 7-10. To that end, he recommended that a declaratory judgment be entered declaring that Total's termination of the franchise relationship is legally enforceable, effective as of July 8, 2018, and in compliance with the PMPA. Id. at p. 10.

As to Total's request for declaratory judgment for the *sums* owed (which Total claimed amount to $102,926.81), the Magistrate Judge found that, before the relationship was terminated on July 8, 2016, defendants owed Total $17,850.00 (plus interest) for rent payments under the Lease Agreement; $31,500.00 (plus interest) for rent payments under the Franchise Agreement; and $46,963.88 (plus interest) for fuel under the Sales and Supply Agreement (id. at p. 11), for a

total amount $96,286.88 plus applicable interest (id.), and that as such, ". . . the court should hold that Defendants are in default and owe Total $96, 286.88 plus applicable interest." Id. However, he pointed out he needed a "clearer picture" for the calculation of the interest defendants owed (id. at pp. 11-12) and, accordingly, that Total should file an informative motion detailing interest calculation. Id. at p. 12. No objections have been filed.

The court has made an independent, *de novo*, examination of the entire record in light of applicable law, and finds that the Magistrate Judge's analysis and conclusions are well supported. Therefore, the R&R is adopted *in toto*. In conformity with the Magistrate Judge's recommendation, the motion for summary judgment is GRANTED IN PART. By December 4, 2018, Total shall file an informative motion detailing the calculation of the interest consistent with the Magistrate Judge's instructions at Docket No. 54.

**SO ORDERED.**

In San Juan, Puerto Rico, this 20th day of November, 2018.

s/Pedro A. Delgado-Hernández
PEDRO A. DELGADO-HERNÁNDEZ
United States District Judge